UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CASE NO.: 3:06CV-332-H

JAMES BROCKMAN, et al.                                           PLAINTIFFS

V.

BARTON BRANDS, LTD.                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on Defendant's Motion for Reconsideration of the Court's Memorandum Opinion and Order, entered November 25, 2009.  The Plaintiffs, thirty-five residents of Bardstown, Kentucky, ("Plaintiffs")[1] originally brought this lawsuit alleging nuisance, trespass and negligence by Defendant Barton Brands, LTD., ("Barton Brands"), a distilled spirits producer operating a coal-fired production facility in the vicinity of Plaintiffs' homes.  They requested injunctive and monetary relief based on the presence of particles and odors on their property that were allegedly the result of Defendant's emissions. The Court's November 25 Opinion dismissed all of Plaintiffs' claims except for their trespass claim. Now, Defendant urges the Court to reconsider its decision to allow the one remaining trespass claim to go forward. For the reasons stated below, the Court declines to disturb its previous decision.

I.

In this motion, Defendant argues that the Court erred allowing even the trespass claim to go forward because only one of the samples taken by Plaintiffs' expert, Stephen Paul, came from

---

[1] The original Plaintiffs were Dallas R. Armstrong, Debbie Atwell, David Bobbitt, James Brockman (the individual whose name appears in the style of this case), Phyllis A. Brockman and Irma Livers. All of these individuals have been dismissed from the case by Agreed Order.

the property of a current Plaintiff.[2] Defendant further claims there is no credible testimony in the record that whatever substance experts found near the Plaintiff's property is likely to be the same as or similar to what Plaintiffs allege is on their property. To support these arguments, Defendant cites a Kentucky Supreme Court case and a handful of cases from other jurisdictions. None of these cases compel a different result than the one stated in the Court's original Opinion.

Defendant cites *Smith v. Carbide and Chemicals Corp.*, 226 S.W.3d 52 (Ky. 2007) in support of its motion. In that case the Kentucky Supreme Court essentially restates basic trespass law, and holds that proof of actual harm is not required to state a claim for intentional trespass. *Id.* at 55.[3] The court did not say that it is impermissible, in the context of a case where Plaintiffs allege intrusion of a substance on their property, to allow a jury to infer that the substance found in the neighborhood is similar to or the same as the substance on their property.[4]

The other cases all address scenarios where the trespass at issue was a harmful substance, the levels or even presence of which could not be determined without tests or expert testimony. *Leaf River Forest Products, Inc. v. Simmons,* 697 So.2d 1083, 1084 (Miss. 1996)(plaintiff with property abutting a river asserted that a certain toxin was present on his land because of emissions by a plant 40 miles upstream, though he refused to allow testing on his land); *Berry v.*

---

[2] Paul's samples were taken from other properties and nearby neighborhood locations, such as street signs.

[3] At another point in its motion, Defendant offers a different pinpoint cite for the *Smith v. Carbide and Chemicals* case. 226 S.W.3d at 57. In that portion of the case, the Court discusses what is required to show "actual injury." It says that "any intrusion (or encroachment) which is an unreasonable interference with the property owner's possessory use of his/her property is sufficient evidence of actual injury," and that such injury depends on the proof at trial. Such statements also do not resolve the present issue.

[4] Defendant's motion repeatedly asserts that "an 'actual invasion' of one's property is the critical element of a trespass claim." However, it is clear that each of the Plaintiffs in this case *do allege* an "actual invasion" and *have shown that some physical substance* has invaded their property. To the extent that Defendant intends to argue that Plaintiffs' claim fails in linking the substance to Defendant, the Court contends that it is permissible for a jury to infer that testing done near and around the Plaintiffs houses is similar to or the same as the particles found in Plaintiffs' area.

*Armstrong Rubber Co.*, 989 F.2d 822 (5th Cir. 1993)(plaintiff asserted that toxic chemicals were present on his land based on soil samples taken on nearby properties); *Russell Corporation v. Sullivan*, 790 S.2d 940, 948 (Ala. 2001)(plaintiffs' claims were based on the alleged release of pollutants into a lake that abutted their property, but the tests were taken from the lake's sludge and not from their properties).

      These cases are distinguishable from present action in that here, Plaintiffs offer evidence of a physical substance detectable by the human eye – black particles and black mold. Thus, the Plaintiffs *have shown* an *actual physical invasion* on *their* property. As such, it is clear there was a trespass and the only remaining question is whether the substance came from Defendant's plant. The proof is not the strongest. It requires an inference that the black particles tested by Plaintiffs' expert are similar to the ones found on their property. Such an inference is permissible here because it goes to the weight of the evidence, rather than the sufficiency of the evidence.

      Being otherwise sufficiently advised,

      IT IS HEREBY ORDERED that Defendant's Motion to Reconsider is DENIED.

      This is NOT a final order.

cc:    Counsel of Record